UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:03CV-00003-JHM

EDWARD LEE SUTTON, Individually and
on Behalf of all Others Similarly Situated, and
LESTER H. TURNER, Individually and on
Behalf of all Others Similarly Situated                                    PLAINTIFFS

VS.

HOPKINS COUNTY, KENTUCKY, and
JIM LANTRIP, Individually and in his Official
Capacity as Jailer of Hopkins County, Kentucky                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' MOTION TO SET DEADLINE FOR FORMER INMATES TO RETURN QUESTIONNAIRE (DN 80). Plaintiffs have filed a Response (DN 83) objecting to the motion, and Defendants have filed their Reply (DN 85) to the Response. The matter is ripe for ruling. For the reasons set forth below, the motion is denied.

DISCUSSION

This litigation is a class action wherein the class alleges its members were subjected to an unlawful strip search by employees of the Defendant, Jim Lanthrip, the Hopkins County, Kentucky Jailer, when members of the class were incarcerated there.

In an effort to determine potential class members, counsel for the Plaintiffs mailed nearly 7,000 questionnaires to these potential members. Defendants apparently agreed to the form of the notice and questionnaire (Response, DN 83, p.2). The last of these questionnaires was mailed as late as September 15, 2005 (Motion, DN 80, p.2). To date, 564 questionnaires have been completed and returned to Plaintiffs' counsel, and more than 2,400 notices and questionnaires were

returned, undelivered. This would leave approximately 4,000 notices and questionnaires presumably delivered for which no response was received (Response DN 83, p.2).

Defendants argue that to appropriately defend/evaluate the case, they are entitled to know how many persons claim to have been unlawfully searched (Motion, DN 80, p.2). Defendants state they "wish to contact those former inmates who were not strip searched for purposes of establishing that there was no custom of unlawfully strip searching inmates." (Motion, DN 80, p.2). Defendants acknowledge, "However, until those persons are no longer considered 'potential' class members, Defendants cannot ethically [contact them]." (Motion, DN 80, p.2). Impervious Paint Industries v. Ashland Oil, 508 F.Supp. 720, 723 (W.D. Ky. 1981). Obviously, any former inmate of the jail incarcerated during the relevant time period who was not subjected to a strip search at any time is not a potential member of the Plaintiff class, and may be contacted by Defendants with impunity. However, Defendants did not keep such records (Motion, DN 80, p.2).

Defendants' solution to their dilemma is to "propose a ruling that Plaintiffs have sixty (60) days (presumably from a date established by the Court) in which to provide Defendants with a questionnaire for each class member. Only those persons that have submitted a questionnaire to Plaintiffs prior to that date, alleging an unlawful strip search and fitting into one of the two described subclasses, should be allowed to participate as a class member. It will be assumed that those who fail to respond by that date were not unlawfully strip searched and/or do not want to participate in the class action." (Reply, DN 85, p.5).

If the Court bought into this fix then "potential" class members lose their potentiality, and Defendants would be free to contact them.

Defendants' motion is not well-taken. No doubt there is a substantial number of

persons who received the notice and questionnaire who were not strip searched and therefore are not potential class members. It is simply unknown who they are. But as Plaintiffs have persuasively argued, there may be any number of good reasons why potential class members (those who were subjected to a strip search) have not returned the questionnaire.

For the Court to rule as Defendants request would result in forever barring potential class members from coming on board the lawsuit. Such a ruling by the Court is the functional equivalent of a court ordered mandatory "opt in" requirement, that is "speak" (or act) now or forever be silenced. This the Court cannot do. Mandatory "opt-in" requirements for Plaintiffs, as it relates to federal class action litigation, has long been rejected. Fed.R.Civ.P. 23(c)(2); Kern v. Siemens Corp., 393 F.3d 120, 124-130 (2nd Cir. 2004); Clark v. Universal Builders, Inc., 501 F.2d 324, 340 (7th Cir. 1974); Enterprise Mfg. Co. v. Bodman, 85 F.R.D. 325, 327 (S.D.N.Y. 1980).

NOW THEREFORE IT IS HEREBY ORDERED the Defendants' Motion to Set Deadline for Former Inmates to Return Questionnaire (DN 80) is DENIED.

Copies to:   Gregory A. Belzley
Bart L. Greenwald
James Robert Craig
John T. Soyars
R. Michael Sullivan
Stacey A. Blankenship