UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:03CV-003-M

EDWARD LEE SUTTON, LESTER H. TURNER,
LINDA JOYCE FORD, TIMOTHY D. MAY,
LADONIA W. WILSON, ROBIN LITTLEPAGE,
ROBERT R. TEAGUE, and TABITHA NANCE
Individually and on behalf of all other similarly situated                    PLAINTIFFS

V.

HOPKINS COUNTY, KENTUCKY and
JIM LANTRIP, Individually and in his official
capacity as Jailer of Hopkins County, Kentucky                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an Objection by Defendants to the Magistrate's Memorandum Opinion and Order denying Defendants' motion to set a deadline for former inmates to return questionnaires [DN 94]; on a motion by Defendants for remedial measures [DN 125]; on a motion by Defendants for leave to file an amended motion for remedial measures and to withdraw original motion for remedial measures [DN 137]; and on a motion by Plaintiffs for a hearing date [DN 161].

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Objection by Defendants to the Magistrate's Memorandum Opinion and Order denying Defendant's motion to set a deadline for former inmates to return questionnaires [DN 94] is **overruled**. The Court agrees with the Magistrate Judge that "Rule 23 does not . . . require members of any class affirmatively to opt into membership." Kern v. Siemens Corp., 393 F.3d 120, 124 (2d Cir. 2004), cert. denied, 544 U.S. 1034 (2005). Requiring Plaintiffs to submit completed questionnaires by a certain deadline essentially

creates an unacceptable mandatory "opt-in" requirement.

    2.  The motion by Defendants for leave to file an amended motion for remedial measures and to withdraw the original motion for remedial measures [DN 137] is **granted**.

    3.  The motion by Defendants for remedial measures [DN 125] is **denied**.  On April 14, 2006, Plaintiffs' counsel sent a cover letter on firm letterhead and a questionnaire to some of the potential class members requesting the addressee to complete and return the questionnaire.  Defendants complain that the cover letter that accompanied the questionnaire shortened the definition of the term "strip-search."  Defendants request a corrective notice be sent to those persons who received this letter from counsel and who have returned the questionnaire.  Having reviewed the cover letter and questionnaire, the Court denies the Defendants' motion for remedial measures.  The Court finds it significant that the Plaintiffs' counsel attached the exact questionnaire previously approved by Defendants and this Court which contained the Court approved definition of strip search.  Contrary to Defendants' assertions, the Court anticipates no confusion related to the shortened definition contained in the cover letter.

    4.  The motion by Plaintiffs for a hearing date [DN 161] is **denied**.

    5.  The motion by Plaintiffs to compel responses to Plaintiffs' Second Set of Discovery Requests [DN 115] is **referred to the Magistrate Judge**.

cc: counsel of record
    USMJ Goebel
    Kelly Lovell