## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO: 4:03CV-003-M**

**EDWARD LEE SUTTON, LESTER H. TURNER,**
**LINDA JOYCE FORD, TIMOTHY D. MAY,**
**LADONIA W. WILSON, ROBIN LITTLEPAGE,**
**ROBERT R. TEAGUE, and TABITHA NANCE**
Individually and on behalf of all other similarly situated                    **PLAINTIFFS**

**V.**

**HOPKINS COUNTY, KENTUCKY and**
**JIM LANTRIP, Individually and in his official**
**capacity as Jailer of Hopkins County, Kentucky**                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon an appeal of the decision of the Claims Administrator by Claimant, Tammy (Benton) Duncan [DN 448]. Defendants have filed a response [DN 450]. Fully briefed, this matter is ripe for decision. For the reasons set forth below, the decision of the Claims Administrator is reversed and the claim of Tammy Duncan is remanded for further consideration by the Claims Administrator.

On August 29, 2008, Tammy Duncan completed and mailed a claim form to the Claims Administrator alleging an illegal entry search in February of 2004 after being arrested on a charge of theft by deception under $300. In response to a question on the claim form, Duncan indicated that she had been strip searched "[a]fter [she was] taken directly to the Jail after being sentenced by a Judge in court." (Claim Form at 2.) Duncan qualified the answer by stating that "up until my release in Dec 2004 I was strip searched after every court date."

(Id.) Based upon the information in Duncan's claim form, the Claims Administrator issued a Final Notice of Claim Denial indicating that "[t]he reason for denial of your entry claim is that you indicated that you were sentenced in court and taken directly to jail. Courts have determined that searches occurring in such circumstances are constitutionally permissible." (June 2, 2009 Claims Denial.)

By letter dated June 6, 2009, Tammy Duncan filed an appeal of the claim denial with the Court. In support of her appeal and claim, Duncan states:

> In my letter it states that I had been taken directly to jail from court, yes I had on occasion. I would like to point out that I also was arrested on February 11, 2004 from a store (Foodtown) in Madisonville. I was strip searched upon entry to jail, although my [charge] was Theft by deception- incl cold checks under $300. From my understanding that strip search was illegal due to a nonviolent crime, and no drug charges.

(June 6, 2009 Appeal Letter.)

After reviewing the record, it appears to the Court that Duncan claims that she was strip searched **both** upon entry to the Hopkins County Detention Center in February of 2004 after her arrest for theft by deception **and** upon each re-entry to the Hopkins County Detention Center after she returned to the jail from Court through December of 2004. Duncan would not be entitled to recover for any strip searches occurring after returning from a court appearance. However, in light of Duncan's appeal letter, the Court concludes that further review of Duncan's claim is warranted to determine whether she was strip searched immediately after her arrest for theft by deception on February 11, 2004. Thus, the Court will remand this action for further consideration by the Claims Administrator in accordance

with this opinion.

For these reasons, **IT IS HEREBY ORDERED** that the appeal of Tammy (Benton) Duncan [DN 448] is **granted**. **IT IS FURTHER ORDERED** that the decision of the Claims Administrator is **reversed** and this matter is **remanded** to the Claims Administrator for further consideration.

cc: counsel of record
    Tammy Duncan