UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:03CV-003-M

EDWARD LEE SUTTON, LESTER H. TURNER,
LINDA JOYCE FORD, TIMOTHY D. MAY,
LADONIA W. WILSON, ROBIN LITTLEPAGE,
ROBERT R. TEAGUE, and TABITHA NANCE
Individually and on behalf of all other similarly situated                PLAINTIFFS

V.

HOPKINS COUNTY, KENTUCKY and
JIM LANTRIP, Individually and in his official
capacity as Jailer of Hopkins County, Kentucky                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Chyrle Taylor for a declaration of rights, to intervene, and to hold in abeyance [DN 474] and on a motion by Chyrle Taylor for equitable relief, for relief pursuant to Fed. R. Civ. P. 60(b), or, in the alternative, to reopen [DN 484]. Fully briefed, this matter is ripe for decision.

On July 11, 2008, the parties reached a settlement agreement in this case. On August 25, 2008, the claims administrator, Analytics, Inc., mailed potential class members, including Chyrle Taylor, a Notice of Hearing and Proposed Class Action Settlement and Claim Form via first-class mail at her current residence [See DN 425]. The notice informed potential class members of the October 20, 2008, Fairness Hearing and of the December 31, 2008, deadline for filing of claim forms. On October 20, 2008, the Court approved the settlement agreement. Jonathan Reid, Project Manager for Analytics, Inc., testified that records of the claims administrator indicate that the notice sent to Taylor was not returned as undelivered and that Analytics did not receive a claim form from Taylor. (Jonathan Reid Affidavit at ¶ 1-3.)

On August 19, 2009, Taylor, through counsel, filed two motions essentially challenging the class notification procedure utilized by the Court and requesting an extension of time to submit a claim.  Taylor represents that she has filed out numerous forms since June of 2005, attended a claim meeting in May of 2007, received correspondence in this matter, was deposed on August 15, 2007, and repeatedly called the office of class counsel to check on the status of her claim during 2008.  According to Taylor, she spoke personally with Mr. Belzley on September 26, 2008, and was informed that the case was settled and that she "would be getting [her] money 'sometime next year.'" Taylor represents that she did not receive the Notice of Hearing and Proposed Class Action Settlement and Claim Form mailed by Analytics in August of 2008.  Taylor states that she called class counsel on August 12, 2009, to check on the status of the case and was informed that she was not entitled to payment because she hadn't completed a claim form. (Taylor Affidavit at ¶ 14.)

### A.  Notice

Taylor maintains that the notice of the settlement provided to the class members violated the requirements of Fed. R. Civ. P. 23 and the Due Process Clause.  "Pursuant to Federal Rule of Civil Procedure 23(e)(1), a district court, when approving a class action settlement, 'must direct notice in a reasonable manner to all class members who would be bound by the proposal.'" Fidel v. Farley, 534 F.3d 508, 513 (6th Cir. 2008).

> Additionally, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Due Process Clause, moreover, gives unnamed class members the right to notice of the settlement of a class action. [DeJulius v. New England Health Care Employees Pension Fund, 429 F.3d 935, 943-44 (10th Cir. 2005)] (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). To comport with the requirements of due process, notice must be "reasonably calculated to reach interested parties."

> Karkoukli's, Inc. v. Dohany, 409 F.3d 279, 283 (6th Cir. 2005) (quoting Mullane, 339 U.S. at 318-20, 70 S.Ct. 652); see also DeJulius, 429 F.3d at 944. Due process does not, however, require actual notice to each party intended to be bound by the adjudication of a representative action. DeJulius, 429 F.3d at 944 (citing Mullane, 339 U.S. at 313-14, 70 S.Ct. 652); In re Integra Realty Res., Inc., 262 F.3d 1089, 1110-11 (10th Cir. 2001); Silber v. Mabon, 18 F.3d 1449, 1453-54 (9th Cir.1994).

Fidel, 534 F.3d at 513-514.

On October 20, 2008, the Court approved the settlement agreement between the parties and directed that potential class members be informed of the settlement and afforded the opportunity to make claims against the settlement fund. Thereafter, 3,437 individual notices of settlement and proof of claim forms were mailed to potential class members via first-class mail. The Court directed that notice be published in no less than 11 newspapers of general circulation providing potential class members with contact information from which they could obtain a proof of claim form. The claims administrator also set up a website from which class members could download and print off proof of claim forms.

The Court finds that the notice process approved by the Court was adequate under Fed. R. Civ. P. 23 and the standards of due process because it was directed in a reasonable manner to all prospective class members who would be bound by the Settlement Agreement. Contrary to Taylor's argument, there is no requirement in the rules or case law that such notices be sent certified mail or be made by telephoning all class members. "[N]otice by first class mail ordinarily satisfies rule 23(c)(2)'s requirement that class members receive 'the best notice practicable under the circumstances.'" Peters v. National R.R. Passenger Corp., 966 F.2d 1483, 1486 (D.C. Cir. 1992); UAW v. General Motors Corp., 2006 WL 891151, 34 (E.D. Mich. 2006); Johnson v. GMAC Mortgage Group, Inc., 2006 WL 2433474, *4 (N.D. Iowa 2006) (first class mail to class members' last known addresses satisfies notice requirement); In re VMS Ltd. Partnership Securities Litigation,

3

1995 WL 355722 (N.D. Ill. 1995). Accordingly, the Court rejects Taylor's challenge to the sufficiency of notice of the class settlement.

### B. Excusable Neglect

Pursuant to Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), Taylor requests an enlargement of time in which to file a late claim and participate in the settlement. Additionally, Taylor submits that there should be no need for her to file a claim form since all the necessary proof regarding the substance of her claim is in the record. Accordingly, Taylor argues that the Court should accept her status as a class member and grant her the award set forth in the settlement agreement.

"The Court has general equitable power to modify the terms of a class action settlement." In re Cendant Corp. Prides Litigation, 189 F.R.D. 321, 323 (D.N.J. 1999). "A Court may assert this power to allow late-filed proofs of claim and late-cured proofs of claim." Id. (citing In re Agent Orange Product Liability Litig., 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988); The Manual For Complex Litig. § 30.47 at 248 (3d ed.1995) ("Adequate time should be allowed for late claims before any refund or other disposition of settlement fund occurs.")); Grace v. City of Detroit, 145 F.R.D. 413, 415 (E.D. Mich. 1992) ("The adoption of the good cause standard [to a decision to accept untimely claim forms] is 'an appropriate exercise of the trial court's discretion in defining the scope of the class action judgment and settlement.'") (quoting Kyriazi v. Western Elec. Co., 647 F.2d 388, 396 (3d Cir. 1981)). Courts considering requests to extend deadlines for filing claim forms in class actions frequently analyze these late claims "under the rubric of whether the claimant has shown 'excusable neglect.'" In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 321 (3d Cir. 2001)(citing In re Cendant Corp. Prides Litig., 189 F.R.D. 321, 324 (D.N.J. 1999)).

See also Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993); In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 180 (3d Cir. 2000); Silvercreek Management, Inc. v. Banc of America Securities, LLC, 534 F.3d 469, 472 (5th Cir. 2008). In determining whether a claimant should have the benefit of excusable neglect the Court should examine the following four factors: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d at 322-323 (citing Pioneer, 507 U.S. at 395.).

Based upon a review of the record and after considering the factors set forth above, the Court concludes that Taylor's actions constitute excusable neglect. The Court finds that under the circumstances articulated by Taylor and verified by class counsel Taylor adequately pursued her claim against the Defendants. Defendants cannot prove harm given that the original limit of Defendants' financial obligation has not been expanded. Similarly, the Court finds that the eight month delay will not unnecessarily prolong these proceedings. The claims administrator is currently reviewing one claim and the case has not been closed. Further, Taylor represents to the Court that she did not receive the notice in question and had not moved from her original address. Additionally, the record reflects that Taylor communicated with class counsel on at least one occasion and called the class action hotline on numerous occasions in 2008. Class counsel verified that Taylor had spoken with him in September of 2008. In the present litigation, Taylor filled out the initial claim forms and submitted to a deposition regarding her strip search claim. The Court finds that Taylor adequately pursued her claim in good faith. Accordingly, after a review of the above factors, the Court will permit Taylor to submit a claim form to the claims administrator in

accordance procedures set forth in the Settlement Agreement. However, the Court declines to decide whether Taylor qualifies as a member of the class at this time. Instead, the parties shall adhere to the claims approval and appeal process set forth in the Settlement Agreement executed on July 11, 2008. (Settlement Agreement ¶¶ 18, 20-23.)

For these reasons, **IT IS HEREBY ORDERED** that the motion by Chyrle Taylor for a declaration of rights, to intervene, and to hold in abeyance [DN 474] and the motion by Chyrle Taylor for equitable relief, for relief pursuant to Fed. R. Civ. P. 60(b), or, in the alternative, to reopen [DN 484] is **granted in part and denied in part**. **IT IS FURTHER ORDERED** that **no later than October 23, 2009**, claimant, Chyrle Taylor, shall file a claim form with the Claims Administrator.

cc: counsel of record
    Thresa Hinton, counsel for Chyrle Taylor