UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO: 4:03CV-003-M**

**EDWARD LEE SUTTON, LESTER H. TURNER,
LINDA JOYCE FORD, TIMOTHY D. MAY,
LADONIA W. WILSON, ROBIN LITTLEPAGE,
ROBERT R. TEAGUE, and TABITHA NANCE
Individually and on behalf of all other similarly situated             PLAINTIFFS**

**V.**

**HOPKINS COUNTY, KENTUCKY and
JIM LANTRIP, Individually and in his official
capacity as Jailer of Hopkins County, Kentucky                        DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a Sealed Letter and Claim Form filed by Pam Williams [DN 487]. Fully briefed, this matter is ripe for decision.

On July 11, 2008, the parties reached a settlement agreement in this case. On August 25, 2008, the claims administrator, Analytics, Inc., mailed potential class members a Notice of Hearing and Proposed Class Action Settlement and Claim Form via first-class mail at her last known address [See DN 425]. The notice informed potential class members of the October 20, 2008, Fairness Hearing and of the December 31, 2008, deadline for filing of claim forms. On October 20, 2008, the Court approved the settlement agreement.

On August 26, 2009, this Court received a letter and claim form from Pamela Williams. Williams' claim form, dated August 24, 2009, alleges illegal entry and release searches. In her letter to the Court, Williams represents that she was contacted in October of 2008 about the case and she expressed her interest in continuing with her claims against the Defendants. Additionally, Williams indicated that she has moved several times in the last year and did not receive the notice in question.

According to Williams, she contacted class counsel recently and was informed by counsel to notify the Court that she had moved.

"The Court has general equitable power to modify the terms of a class action settlement." In re Cendant Corp. Prides Litigation, 189 F.R.D. 321, 323 (D.N.J. 1999). "A Court may assert this power to allow late-filed proofs of claim and late-cured proofs of claim." Id. (citing In re Agent Orange Product Liability Litig., 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988); The Manual For Complex Litig. § 30.47 at 248 (3d ed.1995) ("Adequate time should be allowed for late claims before any refund or other disposition of settlement fund occurs.")); Grace v. City of Detroit, 145 F.R.D. 413, 415 (E.D. Mich. 1992) ("The adoption of the good cause standard [to a decision to accept untimely claim forms] is 'an appropriate exercise of the trial court's discretion in defining the scope of the class action judgment and settlement.'") (quoting Kyriazi v. Western Elec. Co., 647 F.2d 388, 396 (3d Cir. 1981)). Courts considering requests to extend deadlines for filing claim forms in class actions frequently analyze these late claims "under the rubric of whether the claimant has shown 'excusable neglect.'" In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 321 (3d Cir. 2001)(citing In re Cendant Corp. Prides Litig., 189 F.R.D. 321, 324 (D.N.J. 1999)). See also Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993); In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 180 (3d Cir. 2000); Silvercreek Management, Inc. v. Banc of America Securities, LLC, 534 F.3d 469, 472 (5th Cir. 2008). In determining whether a claimant should have the benefit of excusable neglect the Court should examine the following four factors: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." In re Orthopedic

Bone Screw Products Liability Litigation, 246 F.3d at 322-323 (citing Pioneer, 507 U.S. at 395.).

Based upon a review of the record and after considering the factors set forth above, the Court will permit Williams to submit the late claim form. Defendants cannot prove harm given that the original limit of Defendants' financial obligation has not been expanded. Similarly, the Court finds that the eight month delay will not unnecessarily prolong these proceedings. The claims administrator is currently reviewing one claim and the case has not been closed. Further, Williams represents to the Court that she did not receive the notice in question. Upon learning of the settlement, she promptly submitted the claim form provided by class counsel and a letter of explanation to the Court. Accordingly, after a review of the above factors, the Court will permit Williams to submit a claim form to the claims administrator. Class counsel shall provide the Claims Administrator the claim form filed by Williams in this action. The parties shall adhere to the claims approval and appeal process set forth in the settlement agreement executed on July 11, 2008. (Settlement Agreement ¶¶ 18, 20-23.)

Despite Defendants' arguments, the Court declines to address whether Williams qualifies as a class member under either the entry or release class. However, upon an initial review of Williams' claim form, the Court foresees a potential factual issue that will need to be addressed by the Claims Administrator. In answering questions regarding her release strip search claim, Williams checked the answer "Yes" in response to the question, "Did the strip search(es) upon release occur . . . [u]pon release from Jail, but before you were transferred to another jail or prison?" Williams qualified this answer by underlining only the portion "[u]pon release from jail." Thus, the Claims Administrator will have to determine whether Williams was strip searched upon release from jail or, instead, was strip searched before she was transferred to another jail or prison.

For these reasons, **IT IS HEREBY ORDERED** that **no later than October 23, 2009**, class counsel shall provide the Claims Administrator the claim form attached to Pam Williams' letter.

cc: counsel of record
    Pam Williams