**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO: 4:03CV-003-M**

**EDWARD LEE SUTTON, LESTER H. TURNER,**
**LINDA JOYCE FORD, TIMOTHY D. MAY,**
**LADONIA W. WILSON, ROBIN LITTLEPAGE,**
**ROBERT R. TEAGUE, and TABITHA NANCE**
**Individually and on behalf of all other similarly situated**                                    **PLAINTIFFS**

**V.**

**HOPKINS COUNTY, KENTUCKY and**
**JIM LANTRIP, Individually and in his official**
**capacity as Jailer of Hopkins County, Kentucky**                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a letter filed by Robert C. James requesting to submit a late claim form [DN 515] . On July 11, 2008, the parties reached a settlement agreement in this case. On August 25, 2008, the claims administrator, Analytics, Inc., mailed potential class members a Notice of Hearing and Proposed Class Action Settlement and Claim Form via first-class mail at their last known address [See DN 425]. The notice informed potential class members of the October 20, 2008, Fairness Hearing and of the December 31, 2008, deadline for filing of claim forms. On October 20, 2008, the Court approved the settlement agreement.

On October 26, 2009, this Court received a letter dated October 20, 2009, from Robert James (hereinafter "James") alleging an illegal entry search. In his letter to the Court, James states that he was arrested on a public intoxication charge and was subjected to an embarrassing humiliating strip search upon entry to the Hopkins County Jail. James represents that he has never received a claim form and was not advised of the procedure.

"The Court has general equitable power to modify the terms of a class action settlement."

In re Cendant Corp. Prides Litigation, 189 F.R.D. 321, 323 (D.N.J. 1999). "A Court may assert this power to allow late-filed proofs of claim and late-cured proofs of claim." Id. (citing In re Agent Orange Product Liability Litig., 689 F. Supp. 1250, 1263 (E.D.N.Y. 1988). The determination whether neglect in a particular case is excusable is an equitable one and is committed to the Court's discretion. Courts considering requests to extend deadlines for filing claim forms in class actions frequently analyze these late claims "under the rubric of whether the claimant has shown 'excusable neglect.'" In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d 315, 321 (3d Cir. 2001)(citing In re Cendant Corp. Prides Litig., 189 F.R.D. 321, 324 (D.N.J. 1999)). See also Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993); In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 180 (3d Cir. 2000); Silvercreek Management, Inc. v. Banc of America Securities, LLC, 534 F.3d 469, 472 (5th Cir. 2008). In determining whether a claimant should have the benefit of excusable neglect the Court should examine the following four factors: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." In re Orthopedic Bone Screw Products Liability Litigation, 246 F.3d at 322-323 (citing Pioneer, 507 U.S. at 395.).

After reviewing these factors and given that a year has passed since the settlement agreement was approved by the Court, the Court finds that James has failed to establish excusable neglect. While the Court recently permitted two claimants to submit untimely claim forms to the Claims Administrator, the circumstances surrounding those requests differed from that presented by James. Both claimants demonstrated diligence in pursuing their claim including contact with class counsel. Additionally, both claimants filed their request over two months ago. In contrast, James has not

offered any explanation regarding his lack of diligence in keeping himself apprised of the class action, when he discovered that a settlement had been reached, and his timeliness in contacting the Court or Class Counsel upon learning of the settlement.

Furthermore, the Court finds that the length of the delay and its potential impact on judicial proceedings weigh against permitting James to file a claim form. The Settlement Agreement was approved by the Court over a year ago. The Claims Administrator is in the final stages of reviewing the remaining claims. At this point in the litigation, permitting the filing of a late claim form will prejudice the judicial administration of the case. "Drawing a line is essential to achieve certainty and finality in . . . large class action[s]." Hartman v. Powell, 2001 WL 410461 (C.A.D.C. 2001). It is time to draw that line. Accordingly, the Court finds that James has failed to establish excusable neglect that might warrant permission to file a claim form at this late date.

For these reasons, **IT IS HEREBY ORDERED** that the request by Robert James to file a late claim form [DN 515] is **denied**.


cc: counsel of record
    Robert James